# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KATHI LUCAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DUKE UNIVERSITY, <br><br> Defendant. | Case No. 1:18-cv-00722 <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

## I.  INTRODUCTION

Duke University moves to dismiss the instant complaint because it constitutes an improper splitting of claims that are being asserted in *Clark v. Duke University*, Case No. 16-cv-01044 ("*Duke I*").  Plaintiffs do not dispute that they tried to amend the complaint in *Duke I* to add the same allegations and claim asserted in this case ("*Duke II*"):  that Duke violated the Employee Retirement Income Security Act ("ERISA") by using revenue sharing from the Duke University Faculty and Staff Retirement Plan (the "Plan") to pay certain salary expenses.  They do not dispute that the Court found "no good cause" for the amendment and denied Plaintiffs' motion.  Nevertheless, Plaintiffs argue they are not engaged in claim splitting because (1) the causes of action they assert in *Duke II* do not involve the "same wrong" and the "same facts" as the claims in *Duke I*; and (2) the claims in *Duke I* were made against Duke and other plan fiduciaries, while the claims here are made against only Duke.  (Dkt. 15, Pls.' Mem. in Opp. to Motion to Dismiss ("Pls.' Opp.") at 1-2.)

As explained more fully below, Plaintiffs are wrong as to the law and the facts. *Duke II* arises from the same transaction or series of transactions as *Duke I*, and the fact that Plaintiffs sued fewer parties in this case is irrelevant. This action should be dismissed.

## II. ARGUMENT

### A. Plaintiffs Misstate the Legal Standard for Claim Splitting

For claim splitting to apply, the second suit must involve the same parties and "arise[] out of the same transaction or series of transactions as the first claim." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008) (quoting *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269-70 (11th Cir. 2002)). There is no requirement that the facts or evidence be entirely the "same." The court addressed this precise issue in *Rousseau v. Howard Co.*, No. JFM-09-CV-1079, 2009 WL 4018551 (D. Md. Nov. 19, 2009), Declaration of Abbey Glenn, Ex. 1. The plaintiffs in *Rousseau* sought to avoid dismissal of a second lawsuit by arguing that the evidence required to prove the second complaint was not the same. The court rejected this argument: "While it may be true that some different factual evidence is required here, that observation does not mean the case as a whole arises from a different nucleus of facts or a different transaction." *Id.* at *3.[1]

---

[1] Plaintiffs cite *Field Auto City, Inc. v. GMC*, 476 F. Supp. 2d 545 (E.D. Va. 2007), for the proposition that claim splitting requires the "same evidence." (Pls.' Opp. at 1-2.) However, *Field Auto City* is clearly inapposite, as it dealt with *claim preclusion* under *Virginia* law. *Id.* at 556 ("In determining whether two 'claims' are part of the same

Applying the correct legal standard, the claims asserted in *Duke II* unquestionably arise from the "same transaction or series of transactions" as the claims alleged in *Duke I*. Both *Duke I* and *Duke II* assert breach of fiduciary duty and prohibited transaction claims related to Duke's alleged failure to adequately monitor recordkeepers' fees and recapture excess revenue. *Compare Duke I*, Dkt. 72, ¶¶ 8(c), 8(d), 49, 53-54, 58-60 (alleging that Duke and other defendants breached their fiduciary duties because they selected "excessive-cost investment options, including funds that paid revenue sharing to the Plan's recordkeepers" and that Plaintiffs would have paid less in fees "had Defendants monitored revenue sharing") *with Duke II*, Dkt. 1, ¶¶ 28-31, 33-42 (alleging that Duke breached its fiduciary duties by failing to adequately monitor revenue sharing or recover excess fees). The two cases involve the same Plan, the same vendors, the same revenue sharing, and the same allegation that Duke's oversight and monitoring of vendor compensation was inadequate.

Plaintiffs' own filings reveal the overlap between the two cases. According to the plaintiffs' Outline of Claims and Contentions filed in *Duke I*, they contend that Duke failed to return "excess revenue" generated from the Plan's investment options to participants, and "[i]nstead … decided to use those funds to pay Plan expenses." (Dkt. 111 at 8-9.) The *Duke II* complaint asserts the identical allegation of wrongdoing: "Instead of recovering excess revenue sharing for the Plan, Duke arranged with Fidelity,

---

'cause of action,' Virginia courts look to 'whether the same evidence is necessary to prove each claim.'" (quoting *Brown v. Haley*, 233 Va. 210, 355 S.E.2d 563, 567 (1987)).

TIAA-CREF, and VALIC for those companies to pay Plan expenses ….." (Dkt. 1 ¶ 34.)[2] Plaintiffs' attempt to portray *Duke II* as arising from a different transaction or series of transactions than *Duke I* is wholly unavailing.

### B. Claim Splitting Does Not Require Complete Identity of Parties

Plaintiffs are equally wrong when they argue that there can be no claim splitting because the claims in *Duke I* were made against Duke University and other plan fiduciaries, whereas the claims here are brought against only Duke University. (Pls.' Opp. at 2-3.) The defendants do not have to be identical in both cases for claim splitting to apply, as long as there is one defendant in each case that is the same or in privity with the other. *See, e.g., Rousseau*, 2009 WL 4018551, at *3 ("the fact that some of the plaintiffs and defendants are different in the instant case does not cut against dismissal for claim splitting"); *Sacerdote v. N.Y. Univ. Sch. of Med.*, No. 17-8834 (KBF), 2018 WL 1054573, at *2-3 (S.D.N.Y. Feb. 23, 2018) (holding that the presence of a new defendant in second action did not prevent dismissal for claim splitting claim where a defendant in second case was in privity with a defendant in the first).

Notably, Plaintiffs' counsel recently tried this tactic in *Sacerdote*, where they filed a new lawsuit asserting claims they were denied leave to add in the first action. *Sacerdote*, 2018 WL 1054573, at *1. The *Sacerdote* court denied this end-run attempt

---

[2] Further evidence that the claims in *Duke II* arise from the same transaction or series of transactions as *Duke I* can be found in the fact that the two complaints contain nearly identical paragraphs describing revenue sharing. (*Compare Duke II*, Dkt. 1 ¶¶ 28-30 *with Duke I*, Dkt. 72 ¶¶ 49, 53-54.)

4

around a prior ruling, instructing Plaintiffs' counsel that "[p]arties may not institute a new action to avoid a court's previous denial of a motion to amend a complaint in a separate, ongoing case." *Id*. This Court should do the same.

### C. *Sensormatic* Is Controlling

Plaintiffs contend that the case Duke chiefly relies upon in its motion to dismiss, *Sensormatic Security Corportation v. Sensormatic Electronics Corporation*, 273 F. App'x 256 (4th Cir. 2008), is distinguishable because it involved "the assertion of different theories of recovery over the same wrong." (Pls.' Opp. at 5.) This argument does not withstand scrutiny.

In *Sensormatic*, the plaintiff, SSC, brought suit against defendant Sensormatic Electronic Corporation ("Sensormatic") alleging breach of a franchise agreement ("*Sensormatic I*").[3] While *Sensormatic I* was pending, SSC learned that Sensormatic had entered into an agreement with another franchisee, Winner, on more favorable terms. After the deadline for filing an amended complaint passed, SSC moved for leave to amend the complaint to add an additional breach of contract claim against Sensormatic based on a different provision in the franchise agreement requiring incorporation of the most favorable terms with any franchisee. The court denied leave to amend on the grounds that SSC failed to diligently seek to amend the complaint after learning of the Winner agreement. SSC then filed a separate action in the same court ("*Sensormatic II*") asserting the identical claim it sought to add in *Sensormatic I*. 273 F. App'x at 259-60.

---

[3] The factual and procedural history is described at *Sensormatic*, 273 F. App'x at 260-61.

5

Sensormatic moved to dismiss *Sensormatic II*, which the court granted on the ground that the suit violated the rule against claim splitting given that the claims "could have been, and in fact were, raised in *Sensormatic I*." *Sensormatic II*, 329 F. Supp. 2d 574, 579-80 (D. Md. 2004).

On appeal, the Fourth Circuit held that *Sensormatic II* was properly dismissed. First, it was "apparent that SSC sought to circumvent the *Sensormatic I* court's decision to deny SSC's motion for leave to file an amended complaint." 273 F. App'x at 265. If SSC thought that denial was in error, "it should have waited to appeal the decision until *Sensormatic I* becomes final." *Id.* Second, the claims asserted in *Sensormatic II* were "on the same subject in the same court, against the same defendant at the same time" as the already-pending lawsuit, and therefore constituted improper claim splitting. *Id.* (internal quotation and citation omitted).

*Sensormatic* is indistinguishable from this case. In both cases, the plaintiffs learned of additional facts before the deadline for amending the complaint but waited until after the deadline had passed to seek amendment. In both cases, following the court's denial of the motion to amend, the plaintiffs filed a new action asserting the same claim that the court had previously rejected, instead of waiting to appeal the denial of leave to amend. Plaintiffs argue that *Sensormatic* is different because there the two lawsuits were based on "the same, single franchise agreement" (Pls.' Opp. at 5), but there is no indication in the Fourth Circuit's decision that its ruling was so limited, and Plaintiffs identify none. Moreover, even if Plaintiffs correctly articulate the law (they do

6

not), that would not save their claims from dismissal, because *Duke I* and *Duke II* both involve the *same* Plan and the *same* vendor agreements. While Plaintiffs argue there is nothing wrong with filing the same claims that the Court denied leave to add to *Duke I*, *Sensormatic* forecloses that tactic.

The claims in *Duke I and Duke II* arise from the "same transaction or series of transactions" – the same Plan, the same vendor relationships and the same revenue sharing arrangements – and therefore *Duke II* should be dismissed because it violates the rule against claim splitting.

## III. CONCLUSION

For the reasons stated above and in Duke's opening brief, Duke respectfully requests that this Court dismiss this action under Rule 12(b)(6).

Dated: November 9, 2018

By: */s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
Email: jeremy.blumenfeld@morganlewis.com

Christopher A. Weals
Abbey M. Glenn
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
Email: christopher.weals@morganlewis.com
Email: abbey.glenn@morganlewis.com

Stacy K. Wood
N.C. State Bar No. 21768
**PARKER POE ADAMS & BERNSTEIN LLP**
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 335-9844
Facsimile: (704) 335-9698
E-mail: stacywood@parkerpoe.com

*Attorneys for Defendant*

8

## **CERTIFICATE OF COMPLIANCE**

Pursuant to this Court's Local Rule of Civil Practice 7.3(d)(1), I hereby certify that this brief complies with the type-volume limitation because it contains 1,688 words, excluding the parts of the brief exempted from the type-volume calculation by Rule 7.3(d)(1).

*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018 I electronically filed the foregoing **Reply Memorandum in Support of Defendant's Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter.

*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld