UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID CLARK, *et al.*,<br>　　　　Plaintiffs,<br>　v.<br><br>DUKE UNIVERSITY, *et al.*,<br>　　　　Defendants.<br><br>KATHI LUCAS, *et al.*,<br>　　　　Plaintiffs,<br>　v.<br><br>DUKE UNIVERSITY,<br>　　　　Defendant. | Case No. 1:16-CV-01044-CCE-LPA<br><br><br><br><br><br>Case No. 1:18-CV-00722-CCE-LPA |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

In accordance with Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs move for preliminary approval of the class action settlement. Defendants do not oppose this Motion. In support of this Motion, Plaintiffs state the following:

1.　　This litigation is comprised of two separate but related underlying actions. The first action, *Clark v. Duke University*, Case No. 1:16-cv-01044, commenced on August 10, 2016 and alleges that Defendant Duke University and other individually named defendants breached their duties under the Employee Retirement Income Security Act of 1974 (ERISA) by causing the Duke University Faculty and Staff Retirement Plan (Plan) to pay unreasonable administrative expenses, maintaining underperforming investment options, engaging in prohibited transactions with parties-in-interest, and failing to remedy the breaches of the Plan fiduciaries. The second action, *Lucas v. Duke*

*University*, Case No. 18-cv-00722, commenced on August 20, 2018, and alleges that Defendant Duke University breached its duties and committed prohibited transactions under ERISA by causing Plan assets to be used to pay for salaries and fringe benefits of Duke University employees who provided services to the Plan. Defendants dispute these allegations and deny liability for any alleged fiduciary breaches or ERISA violations.

2. After protracted litigation, extensive discovery, and almost six months of arm's-length negotiations, with the assistance of a national mediator, the Settling Parties reached a Settlement that provides meaningful monetary and significant non-monetary relief to Class Members.[1]

3. The Settlement Class includes all current and former participants and beneficiaries who participated in the Plan between August 10, 2010 and the date of entry of the Preliminary Order.

4. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of the litigation. Schlichter Decl. ¶2. Preliminary approval of the Settlement is in the best interests of the Class Members. In return for a release of the Class Representatives' and Class Members' claims, the Duke Defendants have agreed to pay a sum of $10,650,000 into a Gross Settlement Fund. The Parties have further agreed to certain additional relief, as specified in Article 10 of the Settlement Agreement.

5. The first step in approving any proposed settlement in a class action is preliminary approval. *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855

---

[1] The fully executed settlement agreement dated January 16, 2019 ("Settlement") is attached hereto as Exhibit A. Capitalized terms herein are defined in the Settlement.

F.Supp. 825, 827 (E.D.N.C. 1994). At this stage, the Court reviews the proposed settlement to determine whether it is sufficient to warrant public notice and a hearing. *Id*.

6. The Settlement reached between the Settling Parties more than satisfies this standard and is clearly sufficient to warrant being preliminarily approved by the Court. Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

7. Plaintiffs also submit to the Court a Memorandum in Support of this Motion for Preliminary Approval, as well the Declaration of Class Counsel (Jerome J. Schlichter). In accordance with this Motion and supporting Memorandum, Plaintiffs request the following:

- That the Court enter an Order granting its preliminary approval of the Settlement Agreement;

- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, order such objections, if any, to be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, and permit the Settling Parties the right to limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

- That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Settlement Agreement. However, given the processing and mailing of Settlement

3

Notices, the objection deadline to the Settlement, the review and approval period of the Independent Fiduciary, among other interim milestones and deadlines, Plaintiffs request that a Fairness Hearing **not be scheduled before June 3, 2019**; and

- That following the Fairness Hearing, the Court enters an Order granting final approval of the Settlement and dismissing the Second Amended Complaint in *Clark* (Doc. 72) and the Complaint in *Lucas* (Doc. 1) with prejudice.

January 16, 2019                                             Respectfully submitted,

/s/ Jerome J. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Jerome J. Schlichter, MO No. 32225
Michael A. Wolff, MO No. 38207
Kurt C. Struckhoff, MO No. 61873
100 South Fourth Street, Ste. 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-5934 (fax)
jschlichter@uselaws.com
mwolff@uselaws.com
kstruckhoff@uselaws.com

*Counsel for all Plaintiffs*

/s/ David B. Puryear, Jr.
David B. Puryear, Jr.
North Carolina State Bar No. 11063
PURYEAR & LINGLE, PLLC
5501-E Adams Farm Lane
Greensboro, NC 27407
(336) 218-0227
puryear@puryearandlingle.com

*Local Counsel for all Plaintiffs*

4

## CERTIFICATE OF SERVICE

    I certify that on January 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of filing to all counsel of record.

                                            /s/ Jerome J. Schlichter